**APPLICATION, AFFIDAVIT, AND ENTRY OF**
**DEFAULT AND DEFAULT JUDGMENT**

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF ALABAMA

JACK MADDOX & LYNN H. ANDREWS, TRUSTEE          Case No. 09-10939
**Plaintiff**
vs                                              Adv No. 11-00002
MICHEL BENAMAR
**Defendant**

____ An entry of default against the Debtor MICHEL BENAMAR in the above case
is requested for his failure to plead, answer, or otherwise defend.

Attorney for Plaintiff/Atty Code:   MCA008

____ A default judgment against the Debtor MICHEL BENAMAR in the above case
is requested for his failure to plead, answer, or otherwise defend.

Attorney for Plaintiff/Atty Code:   MCA008

==================================================================
STATE OF ALABAMA, MOBILE COUNTY
The undersigned affiant, being duly sworn, says:
1.  That he has knowledge of the facts set forth in this affidavit.
2.  That the Defendant was served with a copy of the Statement of Claim or
complaint on January 7, 2011 and February 4, 2011.
3.  That more than 30 days have elapsed since the Defendant was served with a
copy of the Statement of Claim or Complaint.
4.  That the Defendant has failed to answer or otherwise defend himself against
the Plaintiff's claim.
5.  That this affidavit is executed by the affiant in accordance with Rule
55(a) of the Federeal Rules of Civil Procedure, for the purpose of enabling the
Plaintiff to obtain an entry of default against the Defendant, for his failure
to answer or otherwise defend himself against the Plaintiff's claim.
6.  Defendant is not an infant, incompetent person and is not in the military
service.
7.  Judgment conditions: _____ WITH ___√___ WITHOUT waiver of exemptions.
Request judgment be in accordance with Rule 54(b), FRCP.
8.  That the amount of money due by the Defendant to the Plaintiff in this case
_____ TO BE DETERMINED BY COURT _____ THE SUM OF $2,615,664.32, WHICH IS TO BE
DETERMINED BY THE CLERK AND COMPOSED OF THE FOLLOWING:

    Principal Balance  $1,350,000.00
    Interest           $  995,664.32
    Attorney Fee       $  270,000.00
    (as provided for by contract or note)

Affiant **Gregory B. McAtee**
**4087 Cottage Hill Road**
**Mobile, AL  36609**

Sworn to and Subscribed before me this March 9, 2011.

_____
Notary Public

**(251) 661-9399/Atty Code:  MCA008**

==================================================================
Entry of default entered against Debtor _____ this
(date) _____.

DJ 10-24740-0 ML (01/23/92) 03/14/11

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LYNN HARWELL ANDREWS, as )
TRUSTEE FOR THE ESTATE OF
THOMAS JACKSON MADDOX and )
JOYCE WILKINS MADDOX,

     Plaintiffs )

                                 CASE NO. 09-10939

V. )

                                 ADVERSARY NO. 11-00002

MICHEL BENAMAR, a/k/a MICHAEL )
BENAMAR, and CURTIS C. GRISWOLD,
jointly and individually, )

     Defendants )


STATE OF ALABAMA )

COUNTY OF MOBILE )


## AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT


     Comes now GREGORY B. MCATEE, Attorney for the Plaintiff and the Trustee in the above styled case, and states as follows:

     1.    That he mailed by certified mail a copy of the complaint and summons to the Defendant MICHEL BENAMAR, a/k/a MICHAEL BENAMAR (hereinafter BENAMAR), at the address of 1000 N. Green Valley Parkway, Henderson, NV 89072, and said complaint and summons was signed for by said Defendant on January 7, 2011.

     2.    He also mailed a copy of the Scheduling Order and another copy of the complaint and summons to the said BENAMAR on or about February 1, 2011, and said certified mail letter was signed for by S. Morgan around February 4, 2011.

     3.    Plaintiff would submit that said BENAMAR has received two notices of the complaint and summons issued in this case, and has failed to respond or answer to said complaint and summons.

4.    Plaintiff attaches hereto the Affidavit of THOMAS JACKSON MADDOX in reference to the monies claimed under the promissory notes upon which the said MICHEL BENAMAR, a/k/a MICHAEL BENAMAR, is liable to the Plaintiff and the Trustee of the Plaintiff's estate.

5.    The sums claimed under said promissory notes are as follows:

| | |
|---|---|
| Principal | $ 1,350,000.00 |
| Accrued Interest to Date | $    995,664.32 |
| Attorney Fees  (20% of Principal) | $    270,000.00 |
| Total | $ 2,615,664.32 |

WHEREFORE, Plaintiff prays that the Court will enter a Judgment against MICHEL BENAMAR, a/k/a MICHAEL BENAMAR, in the sum of $2,615,664.32, and tax any costs of this proceeding to the Defendants.

Further, affiant saith not.

_____
GREGORY B.  MCATEE      (MAC008)
GREGORY B.  MCATEE, P. C.
Attorney for Plaintiffs
P. O. Box 91717
Mobile, Alabama      36691-1717
(251)  661-9399

Sworn and subscribed to before me this  14th  day of  March  , 2011.

_____
NOTARY PUBLIC, STATE OF ALABAMA
AT LARGE

My Commission Expires:  4/10/13

10-24740-0

2

JAN 10 2011

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHEL, BENAMAR
a/k/a MICHAEL BENAMAR
1000 N. GREEN VALLEY PARKWAY
HENDERSON, NV    89072

#11-00002

2. Article Number          7005 2570 0000 4736 4435
(Transfer from service label)

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

10-2457 4D

FEB - 7 2011

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHEL BENAMAR
a/k/a MICHAEL BENAMAR
1000 N. GREEN VALLEY PARKWAY
HENDERSON, NV 89074

(10-24740-0)

PS Form 3811, February 2004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Morgan

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.         ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
   7008 3230 0000 2660 9547

Domestic Return Receipt

# GREGORY B. McATEE

ATTORNEY AT LAW

STREET ADDRESS:
4087 COTTAGE HILL ROAD
MOBILE, ALABAMA 36609

MAILING ADDRESS:
P.O. BOX 91717
MOBILE, ALABAMA 36691-1717

TELEPHONE (251) 661-9399
FAX NUMBER (251) 662-1986

February 1, 2011

Mr. Michel Benamar
a/k/a Michael Benamar
1000 N. Green Valley Parkway
Henderson, NV     89072

VIA CERTIFIED MAIL - RETURN
RECEIPT REQUESTED
AND VIA REGULAR MAIL

Re:   Lynn Harwell Andrews, as Trustee for the Estate of Thomas
      Jackson Maddox and Joyce Wikins Maddon v. Michel Benamar, a/k/a
      Michael Benamar, and Curtis C. Griswold, jointly and individually,
      United States Bankruptcy Court, Adversary Case No. 11-2
      (My File No. 10-24740-0)

Dear Mr. Benamar:

   My records show that on January 7, 2011 you received a certified mail copy of the complaint and summons for this case.   I have attached hereto additional information from the Court in reference to this Adversary proceeding.

   You have until February 7, 2011 to file some response to the complaint and summons. You should file your response to the Bankruptcy Court, with a copy of said response to my office.  You should consult counsel if you have any questions in reference to this matter.

Sincerely yours,

GREGORY B. MC

Gregory B. McAtee

GBM:mi
Enc.

**Fair Debt Disclosure**

**This communication is from a debt collector & is an attempt to collect a debt. Any information obtained will be used for that purpose.**

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  MICHEL BENAMAR, a/k/a MICHAEL BENAMAR
Street, Apt. No.; or PO Box No.  1000 N. GREEN VALLEY PARKWAY
City, State, ZIP+4  HENDERSON, NV   89072

PS Form 3800, August 2006          See Reverse for Instructions

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

In Re

THOMAS JACKSON MADDOX                    Case No. 09-10939-MAM-7
JOYCE WILKINS MADDOX

     Debtors.

LYNN HARWELL ANDREWS, as Trustee
for the estate of Thomas Jackson Maddox
and Joyce Wilkins Maddox

     Plaintiff(s).

v.                                       Adv. No. 11-2

MICHEL BENAMAR,
*a/k/a* MICHAEL BENAMAR,
and CURTIS C. GRISWOLD, jointly and individually

     Defendant(s).

## SCHEDULING ORDER

To allow this adversary proceeding to be tried as quickly and efficiently as possible,

IT IS ORDERED:

1.     The trial of this case will occur on: **TUESDAY, MARCH 22, 2011 at 10:00 a.m.** in Courtroom 2, U.S. Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama 36602.

2.     Counsel of record and any unrepresented parties shall personally meet within 60 days from the date of this order as required by Fed. R. Bankr. P. 7026(f). The joint report described by the Rule shall be filed with the Court within 14 days after the meeting, except the statement regarding Rule 26(a)(1) disclosures. The parties shall also include an estimate of the length of the trial and whether summary judgment motions may be filed. The plaintiff shall initiate arrangements for the meeting and filing of the report; however, the Court shall hold all parties equally responsible for insuring that the meeting is held and the report filed as required. If

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re
THOMAS JACKSON MADDOX                                     Case No. 09-10939-MAM-7
JOYCE WILKINS MADDOX
        Debtors.
LYNN HARWELL ANDREWS, as Trustee for the estate
of Thomas Jackson Maddox and Joyce Wilkins Maddox
        Plaintiff(s).
v.                                                        Adv. No. 11-2
MICHEL BENAMAR, *a/k/a* Michael Benamar,
and CURTIS C. GRISWOLD, jointly and individually
        Defendant(s).

### SUMMONS AND NOTICE OF TRIAL IN AN
### ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached
to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this
summons, except that the United States and its offices and agencies shall submit a motion or answer to
the complaint within 35 days.

| Address of Clerk | United States Bankruptcy Court |
|---|---|
| | 201 St. Louis Street |
| | Mobile, AL 36602 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Gregory B. McAtee |
| 4087 Cottage Hill Road |
| Mobile, Alabama 36609-4226 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a trial of the proceeding commenced by the filing of the complaint will be
held at the following time and place.

| Address | United States Bankruptcy Court | Courtroom 2 |
|---|---|---|
| | 201 St. Louis Street | |
| | Mobile, AL 36602 | March 22, 2011 |
| | | 10:00 a.m. |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO
BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND
JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.**

                                        _____
                                           Leonard N. Maldonado
                                        *Clerk of the Bankruptcy Court*

Dated:  January 5, 2011          By:_____/s/ S. Smith_____
                                                *Deputy Clerk*

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LYNN HARWELL ANDREWS, as )
TRUSTEE FOR THE ESTATE OF
THOMAS JACKSON MADDOX and )
JOYCE WILKINS MADDOX,

    Plaintiffs )    CASE NO. 09-10939

V. )    ADVERSARY NO. 11-00002

MICHEL BENAMAR, a/k/a MICHAEL )
BENAMAR, and CURTIS C. GRISWOLD,
jointly and individually, )

    Defendants )

STATE OF ALABAMA )

COUNTY OF MOBILE )

## AFFIDAVIT

Before me, the undersigned authority, personally appeared THOMAS JACKSON MADDOX, who was by me duly sworn on oath to speak the truth and who stated and deposed on solemn oath as follows:

That from the period of May 25, 2007 through October 30, 2007, I loaned money to GLOBAL VENDING ENTERPRISES, L.L.C., which was guaranteed by MICHEL BENAMAR, a/k/a MICHAEL BENAMAR (hereinafter BENAMAR), and by CURTIS C. GRISWOLD (hereinafter GRISWOLD). A copy of each Collateralized Promissory Notes is attached hereto as Exhibits A, B and C. Said notes were executed on behalf of BENAMAR and GRISWOLD by PAUL H. HALL (hereinafter HALL), pursuant to General Powers of Attorney granted to HALL by BENAMAR and GRISWOLD. Copies of said General Powers of Attorney are attached to each Collateralized Promissory Notes.

I state that all three (3) Collateralized Promissory Notes are in default and that the principal balance, plus accumulated interest through July 31, 2010, is $2,175,860.02. Under the terms of said Collateralized Promissory Notes, the Defendants were to make interest payments on said Promissory Notes which they have failed to do. The additional interest which has accrued since July 31, 2010 to the current date is $ 170,004.30.

Under the terms of said Collateralized Promissory Notes, it also provides that if the note is turned over to an attorney for collection, then reasonable attorney fees could be added to said note, and I claim said attorney fees in the amount of $ 270,000.00 (Twenty (20%) percent of principal of $1,350,000.00), plus accrued interest of $ 995,664.32.

The total amounts claimed under these Collateralized Promissory Notes is as follows:

| | | |
|---|---|---|
| Principal: | $ | 1,350,000.00 |
| Accrued Interest: | | 995,664.32 |
| Attorney Fees: | | 270.000.00 |
| Total | $ | 2,615,664.32 |

Further, affiant saith not.

_____
THOMAS JACKSON MADDOX

Sworn and subscribed to before me this 25 day of January, 2011.

_____
NOTARY PUBLIC, STATE OF ALABAMA
AT LARGE

My Commission Expires: 4-10-2013

_____
GREGORY B. MCATEE
GREGORY B. MCATEE, P. C.
Attorney for Thomas Jackson Maddox
P. O. Box 91717
Mobile, Alabama      36691-1717
(251)  661-9399

10-24740-0

2

SUMMARY OF PRINCIPAL, PENALTIES AND ACCRUED INTEREST

GLOBAL VENDING-RELATED NOTES DUE THOMAS J. MADDOX

THROUGH JULY 31, 2010

| Computer File Name | Note Execution Date | Principal | Interest | Penalties | Amount Collected | Total | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Global | Benamar | Griswold | Hall |
| P/PAUL1 | 20-Oct-2006 | 150,000.00 | 103,019.88 | 2,000.00 | (25,271.30) | 0.00 | 0.00 | 0.00 | 229,748.58 |
| P/GLOBAL | 25-May-2007 | 800,000.00 | 495,593.45 | 0.00 | 0.00 | 1,295,593.45 | 1,295,593.45 | 1,295,593.45 | 1,295,593.45 |
| P/GLOBAL2 | 08-Aug-2007 | 400,000.00 | 228,194.09 | 2,000.00 | 0.00 | 630,194.09 | 630,194.09 | 630,194.09 | 630,194.09 |
| P/GLOBAL3 | 30-Oct-2007 | 150,000.00 | 99,472.48 | 600.00 | 0.00 | 250,072.48 | 250,072.48 | 250,072.48 | 250,072.48 |
| P/PAUL2 | 10-Jan-2008 | 25,000.00 | 12,250.97 | 2,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 39,250.97 |
| P/PAUL3 | 16-May-2008 | 75,000.00 | 29,947.15 | 2,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 106,947.15 |
| P/PAUL4 | 25-Jun-2008 | 60,000.00 | 22,590.55 | 2,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 84,590.55 |
| Total | | 1,660,000.00 | 991,068.57 | 10,600.00 | (25,271.30) | 2,175,860.02 | 2,175,860.02 | 2,175,860.02 | 2,636,397.27 |

# COLLATERALIZED PROMISSORY NOTE

## RECITAL

**THIS PROMISSORY NOTE** is entered into on the _2̶5̶TH_ day of May, 2007 among the borrowers:   GLOBAL VENDING ENTERPRISES, LLC

| Paul H. Hall | Michael Benamar | Curtis C. Griswold |
|---|---|---|
| 1221 Westbury Dr. | 1000 N. Green Valley Pkwy. | 12166 Greenwell St. |
| Mobile, AL 36609 | Henderson, NV 89072 | Maple Ridge, BC V2X7N1 |

Each of said borrowers obligated jointly and severally under this Note

and

Thomas J. Maddox (Lender)
1217 Westbury Dr.
Mobile, AL 36609

for the amount of EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00) PRINCIPAL. This loan is a personal loan as an investment in a vending machine business. The PRINCIPAL is to be re-paid in lump sum at the end of the five year period beginning May 25, 2007 making the lump sum $800,000.00 PRINCIPAL due May 25, 2012. INTEREST at the rate of 15% is to be paid annually beginning on May 25, 2008 and ending May 25, 2012. All assets of Global Vending Enterprises, LLC and also all assets of Global Vending Enterprises, Inc. of Morocco are pledged to Lender. Borrowers will pledge their Moroccan contract and the Egyptian contract, once it is received, to secure payment of this Collateralized Promissory Note. Lender to hold until note is paid in full, at which time all collateral will be returned to the borrowers.

**INTEREST RATE:** Based on three hundred sixty (360) day year, 15% compounded monthly on total principal amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS due annually (with basis to be adjusted for any payments of principal made prior to due date) beginning May 31, 2008 and every year thereafter on the 31st of May until the debt has been satisfied.

**PRINCIPAL:** The entire PRINCIPAL amount of $800,000.00 is due on or before May 25, 2012.

**BORROWERS' PRE-PAYMENT RIGHT:** Borrowers reserve the right to prepay this Collateralized Promissory Note in whole or in part, prior to maturity, after thirty-six (36) months from the date note is executed with payment of five percent (5%) penalty on original loan amount of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS.

**PLACE FOR PAYMENT:** Borrowers promise to pay to the order of Lender at the place Lender provides (with notice provided to Borrowers by Lender thirty (30) days prior to payment date) for payment and according to the terms for payment the principal

_EXHIBIT A_

amount as stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE:** If Borrowers default in the payment of this Note or in the performance of any obligation, and the default continues after Lender gives Borrowers notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Lender may declare the unpaid principal balance on this Note immediately due.

**ANNUAL INTEREST-PAYMENT CALCULATIONS AND PENALTIES ON PAST-DUE PAYMENTS:** Each annual interest payment by the Borrowers shall include interest to the date such payment is received by the Lender (at the rate provided by **This Promissory Note**) from the date of this Note (in the case of the first such interest payment) and from the date through which interest was included in the immediate preceding interest payment for each interest payment thereafter. A penalty-free grace period of 15 days shall be allowed beyond the scheduled due date of each interest payment. Any payment received by the Lender after the expiration of the 15-day grace period shall include a late-payment penalty of $1,000.00 in addition to the accrued interest through the date such payment is received by the Lender. Failure by the Borrowers to remit any payment when due, entitles the Lender hereof to declare the entire principal immediately due and payable. Lender's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrowers' obligations herein.

**FORM OF PAYMENT:** Any check, draft, money order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Lender and applied to this indebtedness in the manner elsewhere herein provided. If a payment is returned to Lender due to Insufficient Funds, the Lender has the right to refuse any future payments other than cash.

**ATTORNEY'S FEES:** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrowers shall pay Lender all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

**SEVERABILITY:** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT:** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS:** The descriptive headings used herein are for convenience of reference only and they are not intended to have any affect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION:** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW:** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Alabama.

Borrowers are responsible for all obligations represented by this Note.

EXECUTED this 25th day of May, 2007.

_Paul H Hall_
PAUL H. HALL

_Michael Benamar_
MICHAEL BENAMAR
By POA attached

_Curtis C. Griswold_
CURTIS C. GRISWOLD
by POA attached

_Thomas J Maddox_
THOMAS J. MADDOX

Witness: _Darell K. Malish_

Print Name, Address, Phone: _14641 W. Cilbacome_
_Suprise, AZ_
_85379 - 480-747-7317_

Witness: _Sarah M. Hall_

Print Name, Address, Phone: _1221 Westbury Dr,_
_Mobile AL 36609_
_251- 340-0511_

# GENERAL POWER OF ATTORNEY

**TO ALL PERSONS**, be it known, that I, **Michel Benamar**, of 1000 North Green Valley Parkway, Henderson, Nevada 89072, as grantor, do hereby make and grant a general power of attorney to PAUL HALL, of Mobile, Alabama

My named attorney-in-fact shall have full power and authority to undertake, commit and perform any and all acts on my behalf to the same extent as if I had done so personally; all with full power of substitution and revocation.

My attorney-in-fact agrees to accept this appointment subject to its terms, and agrees to act and perform to said fiduciary capacity consistent with my best interests as my attorney-in-fact deems advisable, and I thereupon ratify all acts so carried out.

This power of attorney shall expire and be of no force or effect from and after May 30, 2007.

Signed this 15th day of May, 2007.

_____
MICHEL BENAMAR, Grantor

STATE OF NEVADA    )
                        )ss.
COUNTY OF CLARK    )

On May 15, 2007 before me, the undersigned Notary Public, appeared Michel Benamar, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same or the purpose therein set forth.

(SEAL)
My commission expires:

_____
NOTARY PUBLIC

JASON ARCHER
Notary Public State of Nevada
No. 06-103504-1
My appt. exp. Feb. 14, 2010

RIVERSIDE
MAIL CENTER

MAY 1 6 2007

LAUGHLIN
NEVADA 89029

# LIMITED POWER OF ATTORNEY

BE IT KNOWN, that **CURTIS CLIFFORD GRISWOLD** has made and appointed, and by these presents does make and appoint **PAUL H. HALL** the true and lawful attorney for him and in his name, place and stead, for the following specific and limited to the following purposes only:

1. To undertake and enter into all negotiations, agreements, and to sign all contracts relating to the Global Vending Enterprises, Inc. contract with the Government of Egypt for exclusive vending business rights within the Country of Egypt.

2. The vending contract referred to in (1) above include all forms of vending business in Egypt including tobacco products.

The named attorney-in-fact shall have full power and authority to do and perform all and every act whatsoever necessary to be done in and about the specific and limited premises (set out herein) as fully, to all intents and purposes, as might or could be done if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

This power of attorney shall only be of force or effect from ~~June~~ MAY 1, 2007 to June 20, 2007 and thereafter cease absolutely to have any force and effect.

_____
Curtis C. Griswold, Grantor

On this 10th day of May, 2007, before me, the undersigned Notary Public, appeared Curtis Clifford Griswold, personally known to me to be the person whose name is subscribe to the within instrument and acknowledged to me that he executed the same for the purposes therein set forth.

_____
A Notary Public in and for the
Province of British Columbia

**A. BRUCE PAIGE**
*Barrister & Solicitor*
**4550 EAST HASTINGS STREET
BURNABY, B.C. V5C 2K4
PHONE: (604) 298-8211**

## MY COMMISSION DOES NOT EXPIRE

# COLLATERALIZED PROMISSORY NOTE

## RECITAL

**THIS PROMISSORY NOTE** is entered into on the 8th day of August, 2007 among the borrowers:     GLOBAL VENDING ENTERPRISES, LLC

| | | |
|---|---|---|
| Paul H. Hall | Michael Benamar | Curtis C. Griswold |
| 1221 Westbury Dr. | 1000 N. Green Valley Pkwy. | 12166 Greenwell St. |
| Mobile, AL 36609 | Henderson, NV 89072 | Maple Ridge, BC V2X7N1 |

Each of said borrowers obligated jointly and severally under this Note

and

Thomas J. Maddox (Lender)
1217 Westbury Dr.
Mobile, AL 36609

for the amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) PRINCIPAL.  The purpose of these borrowed funds is to make available funding needed by the borrowers to establish a business operation to sell merchandise through vending machines.  The INTEREST shall be at the rate of 15%, beginning August 8, 2007 and ending August 8, 2008.  The PRINCIPAL and INTEREST ($465,464.01) is to be re-paid in lump sum within one year.  This Note will be paid back when Michael Benamar's real estate loan closes or no later than August 8, 2008.  All assets of Global Vending Enterprises, LLC and also all assets of Global Vending Enterprises, Inc. of Morocco are pledged to Lender.  Borrowers will pledge their Moroccan contract and the Egyptian contract to secure payment of this Collateralized Promissory Note.  Lender to hold until note is paid in full, at which time all collateral will be returned to the borrowers.

**INTEREST RATE:**  Based on three hundred sixty (360) day year, 15% compounded monthly on total principal amount of FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS due at the end of one year (with basis to be adjusted for any payments of principal made prior to due date).

**PRINCIPAL:**  The entire PRINCIPAL amount of $400,000.00 is due on or before August 8, 2008.

**PLACE FOR PAYMENT:**  Borrowers promise to pay to the order of Lender at the place Lender provides (with notice provided to Borrowers by Lender thirty (30) days prior to payment date) for payment and according to the terms for payment the principal amount as stated above.  All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE:** If Borrowers default in the payment of this Note or in the performance of any obligation, and the default continues after Lender gives Borrowers notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Lender may declare the unpaid principal balance on this Note immediately due.

**ANNUAL INTEREST-PAYMENT CALCULATIONS AND PENALTIES ON PAST-DUE PAYMENTS:** The annual interest payment by the Borrowers shall include interest to the date such payment is received by the Lender (at the rate provided by **This Promissory Note**) from the date of this Note. A penalty-free grace period of 15 days shall be allowed beyond the scheduled due date of the payment. Any payment received by the Lender after the expiration of the 15-day grace period shall include a late-payment penalty of $1,000.00 in addition to the accrued interest through the date such payment is received by the Lender. Failure by the Borrowers to remit any payment when due, entitles the Lender hereof to declare the entire principal immediately due and payable. Lender's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrowers' obligations herein.

**FORM OF PAYMENT:** Any check, draft, money order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Lender and applied to this indebtedness in the manner elsewhere herein provided. If a payment is returned to Lender due to Insufficient Funds, the Lender has the right to refuse any future payments other than cash.

**ATTORNEY'S FEES:** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrowers shall pay Lender all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

**SEVERABILITY:** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**DESCRIPTIVE HEADINGS:** The descriptive headings used herein are for convenience of reference only and they are not intended to have any affect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION:** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW:** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Alabama.

Borrowers are responsible for all obligations represented by this Note.

EXECUTED this __8th__ day of August, 2007.

_____          _____          _____
PAUL H. HALL                     MICHAEL BENAMAR                   CURTIS C. GRISWOLD
                                 By POA attached                   by POA attached


_____
THOMAS J. MADDOX

Witness: _Sarah M. Hall_

Print Name, Address, Phone:     SARAH M. HALL
                                1221 WESTBURY DR.
                                MOBILE, AL 36609


Witness: _____

Print Name, Address, Phone:     _____
                                _____
                                _____

# GENERAL POWER OF ATTORNEY

**TO ALL PERSONS**, be it known, that I, **Michel Benamar**, of 1000 North Green Valley Parkway, Henderson, Nevada 89072, as grantor, do hereby make and grant a general power of attorney to PAUL HALL, of Mobile, Alabama

My named attorney-in-fact shall have full power and authority to undertake, commit and perform any and all acts on my behalf to the same extent as if I had done so personally; all with full power of substitution and revocation.

My attorney-in-fact agrees to accept this appointment subject to its terms, and agrees to act and perform to said fiduciary capacity consistent with my best interests as my attorney-in-fact deems advisable, and I thereupon ratify all acts so carried out.

This power of attorney shall expire and be of no force or effect from and after August 29, 2007.

Signed this 25th day of July, 2007.

_____
MICHEL BENAMAR, Grantor

STATE OF NEVADA      )
                        )ss.
COUNTY OF CLARK    )

**JASON ARCHER**
Notary Public State of Nevada
No. 06-103504-1
My appt. exp. Feb. 14, 2010

On July 25, 2007 before me, the undersigned Notary Public, appeared Michel Benamar, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same or the purpose therein set forth.

(SEAL)
My commission expires:

_____
NOTARY PUBLIC

# ACKNOWLEDGEMENT OF ATTORNEY

I, **PAUL H. HALL**, of _Mobile, al._,
do solemnly declare that:--

1. I am the Attorney appointed by the foregoing Limited Power of Attorney.

2. At the time of such appointment, namely, the 25th day of July, 2007 I was of the full age of nineteen years.

Signed this _8_ day of _august_ , 2007

_Paul H. Hall_
**PAUL H. HALL**

On this _8th_ day of _August_ , 2007, before me, the undersigned Notary Public, appeared Paul H. Hall, personally known to me to be the person whose name is subscribe to the within instrument and acknowledged to me that he executed the same for the purposes therein set forth.

_Cathy J. Berry_
Notary Public

(SEAL)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: January 31, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires: _1-31-11_

# LIMITED POWER OF ATTORNEY

BE IT KNOWN, that **CURTIS CLIFFORD GRISWOLD** has made and appointed, and by these presents does make and appoint **PAUL H. HALL** the true and lawful attorney for him and in his name, place and stead, for the following specific and limited to the following purposes only:

1.  To undertake and enter into all negotiations, agreements, and to sign all contracts relating to the Global Vending Enterprises, Inc. contract with the Government of Egypt for exclusive vending business rights within the Country of Egypt.

2.  The vending contract referred to in (1) above include all forms of vending business in Egypt including tobacco products.

The named attorney-in-fact shall have full power and authority to do and perform all and every act whatsoever necessary to be done in and about the specific and limited premises (set out herein) as fully, to all intents and purposes, as might or could be done if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

This power of attorney shall only be of force or effect from July 25, 2007 to September 20, 2007 and thereafter cease absolutely to have any force and effect.

Curtis C. Griswold, Grantor

On this 25th day of July, 2007, before me, the undersigned Notary Public, appeared Curtis Clifford Griswold, personally known to me to be the person whose name is subscribe to the within instrument and acknowledged to me that he executed the same for the purposes therein set forth.

A Notary Public in and for the Province of British Columbia

**WALTER E. BERGMANN**
*Barrister & Solicitor*
**4550 EAST HASTINGS STREET**
**BURNABY, B.C. V5C 2K4**
**PHONE: (604) 298-8211**

MY COMMISSION DOES NOT EXPIRE

# COLLATERALIZED PROMISSORY NOTE

## RECITAL

**THIS PROMISSORY NOTE** is entered into on the ___30th___ day of October, 2007 among the borrowers: GLOBAL VENDING ENTERPRISES, LLC

| Paul H. Hall | Michael Benamar | Curtis C. Griswold |
|---|---|---|
| 1221 Westbury Dr. | 1000 N. Green Valley Pkwy. | 12166 Greenwell St. |
| Mobile, AL 36609 | Henderson, NV 89072 | Maple Ridge, BC V2X7N1 |

Each of said borrowers obligated jointly and severally under this Note

and

Thomas J. Maddox (Lender)
1217 Westbury Dr.
Mobile, AL 36609

for the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) PRINCIPAL. This loan is a personal loan as an investment in a vending machine business. The INTEREST shall be at the rate of 15%, beginning October 30, 2007 and ending October 30, 2008. The PRINCIPAL and INTEREST ($175,271.30) is to be re-paid in lump sum on April 1, 2008. Lender is charging interest for one full year even though the PRINCIPAL AND INTEREST will be due in six (6) months. All assets of Global Vending Enterprises, LLC are pledged to Lender. Lender to hold until note is paid in full, at which time all collateral will be returned to the borrowers.

**INTEREST RATE:** Based on three hundred sixty (360) day year, 15% compounded monthly on total principal amount of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS due April 1, 2008 (with basis to be adjusted for any payments of principal made prior to due date).

**PRINCIPAL:** The entire PRINCIPAL amount of $150,000.00 is due on or before April 1, 2008.

**BORROWERS' PRE-PAYMENT RIGHT:** Borrowers reserve the right to prepay this Collateralized Promissory Note in whole or in part, prior to maturity, with payment of five percent (5%) penalty on original loan amount of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

**PLACE FOR PAYMENT:** Borrowers promise to pay to the order of Lender at the place Lender provides (with notice provided to Borrowers by Lender thirty (30) days prior to payment date) for payment and according to the terms for payment the principal amount as stated above. All unpaid amounts shall be due by the final scheduled payment date.

*EXHIBIT C*

**DEFAULT AND ACCELERATION CLAUSE:** If Borrowers default in the payment of this Note or in the performance of any obligation, and the default continues after Lender gives Borrowers notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Lender may declare the unpaid principal balance on this Note immediately due.

**ANNUAL INTEREST-PAYMENT CALCULATIONS AND PENALTIES ON PAST-DUE PAYMENTS:** The annual interest payment by the Borrowers shall include interest to the date such payment is received by the Lender (at the rate provided by **This Promissory Note**) from the date of this Note. A penalty-free grace period of 15 days shall be allowed beyond the scheduled due date of the payment. Any payment received by the Lender after the expiration of the 15-day grace period shall include a late-payment penalty of $200.00 in addition to the accrued interest through the date such payment is received by the Lender. Failure by the Borrowers to remit any payment when due, entitles the Lender to declare the entire principal immediately due and payable. Lender's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrowers' obligations herein.

**FORM OF PAYMENT:** Any check, draft, money order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Lender and applied to this indebtedness in the manner elsewhere herein provided. If a payment is returned to Lender due to Insufficient Funds, the Lender has the right to refuse any future payments other than cash.

**ATTORNEY'S FEES:** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrowers shall pay Lender all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

**SEVERABILITY:** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**DESCRIPTIVE HEADINGS:** The descriptive headings used herein are for convenience of reference only and they are not intended to have any affect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION:** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW:** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Alabama.

Borrowers are responsible for all obligations represented by this Note.

EXECUTED this __30th__ day of October, 2007.


_Paul H. Hall_     _Michel Benamar_     _Curtis C. Griswold_
PAUL H. HALL         MICHAEL BENAMAR     CURTIS C. GRISWOLD
                 By POA attached       by POA attached

_Thomas J Maddox_
THOMAS J MADDOX

Witness: _Sarah M. Hall_

Print Name, Address, Phone:    SARAH M. HALL
                              1221 WESTBURY DR.
                              MOBILE, AL 36609


Witness: _Joyce W. Maddox_

Print Name, Address, Phone:    JOYCE W. MADDOX
                              1217 WESTBURY Dr.
                              MOBILE, AL 36609

FORM 1 (Section 8)

# POWER OF ATTORNEY

### (For the appointment of one attorney)

Power of Attorney Act,
R.S.B.C. 1996, c. 370.

THIS GENERAL POWER OF ATTORNEY is given on 26th of October, 2007, by **CURTIS CLIFFORD GRISWOLD**, Businessman, 810 – 9266 University Crescent, Burnaby British Columbia V5A 4Z1

I appoint the following person:

**PAUL H. HALL**, Businessman, of 4332 Boulevard Park S., Mobile Alabama, U.S.A., in accordance with the **Power of Attorney Act** and to do on my behalf anything that I can lawfully do by an attorney.

In accordance with the **Power of Attorney Act** I declare that this power of attorney may be exercised during any subsequent mental infirmity on my part during the period from October 26, 2007 to and including November 2, 2007.

This power of attorney is subject to the following conditions and restrictions:

This Power of Attorney is specifically limited to signing loan documentation on my behalf as C.E.O. of **Global Vending Enterprises LLC**, from October 26, 2007 to and including November 2, 2007.

The effect of subsection 56(1) of the Land Title Act, R.S.B.C. 1996, c. 250, and amendments thereto, is expressly excluded from this Power of Attorney.

EXECUTION(S):

Officer's Signature

Execution Date

Donor's Signature

Jeff M. Kuhl, Barrister and Solicitor, 4239 E. Hastings Street, British Columbia, V5C 2K1 Telephone: (604) 298.1038

| Y | M | D |
|---|---|---|
| 07 | 10 | 26 |
| | | |
| | | |

CURTIS CLIFFORD GRISWOLD

OFFICER CERTIFICATION: Your signature constitutes a representation that you are a solicitor, notary public or other person authorized by the Evidence Act, R.S.B.C. 1996, c. 124, to take affidavits for use in British Columbia and certifies the matters set out in Part 5 of the Land Title Act as they pertain to the execution of this instrument.

# GENERAL POWER OF ATTORNEY

**TO ALL PERSONS**, be it known, that I, **Michel Benamar**, of 1000 North Green Valley Parkway, Henderson, Nevada 89072, as grantor, do hereby make and grant a general power of attorney to PAUL H. HALL, of Mobile, Alabama

My named attorney-in-fact shall have full power and authority to undertake, commit and perform any and all acts on my behalf to the same extent as if I had done so personally; all with full power of substitution and revocation.

My attorney-in-fact agrees to accept this appointment subject to its terms, and agrees to act and perform to said fiduciary capacity consistent with my best interests as my attorney-in-fact deems advisable, and I thereupon ratify all acts so carried out.

This power of attorney shall expire and be of no force or effect from and after November 15, 2007.

Signed this 29th day of October, 2007.

                 MICHEL BENAMAR, Grantor

STATE OF NEVADA       )
                           )ss.
COUNTY OF CLARK      )

On October 29, 007 before me, the undersigned Notary Public, appeared Michel Benamar, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same or the purpose therein set forth.

(SEAL)
My commission expires:

                      NOTARY PUBLIC

RIVERSIDE
MED CENTER

OCT ?? 2007

LAUGHLIN
NEVADA 89028

CHERYL CLINTON
Notary Public State of Nevada
No. 03-83502-1
My appt. exp. July 23, 2011

# United States Bankruptcy Court

_____Southern_____  District Of __Alabama_____

In re _____,  )
                    Debtor              )  Case No. _09-10939_____
                                        )
                                        )  Chapter __13_____
Jack Maddox & Lynn H. Andrews, Trustee  )
                    Plaintiff           )
                                        )
            v.                          )
Michel Benamar AKA Michael Benamar ,    )  Adv. Proc. No. 11-00002_____
                    Defendant           )

## ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

```
 _____
|                                                      |
| Name:Michel Benamar aka Michael Benamar              |
|                                                      |
|_____|
```

Therefore, default is entered against the defendant as authorized by Federal Rule of Bankruptcy Procedure 7055.

Judgment is entered against Michel Benamar aka Michael Benamar in the amount of $2,615,664.32 ($1,350,000.00 Principal, $995,664.32 Interest and $270,000.00 Attorney Fees).

_____
*Clerk of the Bankruptcy Court*

_____      By:_____
*Date*                                         *Deputy Clerk*

B 261B
(8/96)

# United States Bankruptcy Court

Southern _____ District Of _Alabama_____

In re _____,        )
                  Debtor                 )    Case No. _09-10939_____
                                         )
                                         )    Chapter _13_____
Jack Maddox & Lynn H. Andrews, Trustee   )
                 Plaintiff               )
                                         )
              v.                         )
   Michel Benamar AKA Michael Benamar    )    Adv. Proc. No. _11-00002___
                Defendant                )


## JUDGMENT BY DEFAULT


        Default was entered against defendant _Michel Benamar AKA Michael Benamar_____
                                                                (name)
on _____. Therefore, on motion of the plaintiff, judgment is entered against that
        (date)
defendant in favor of the plaintiff as follows.

        IT IS ORDERED THAT:

Judgment is entered against Michel Benamar AKA Michael Benamar in the amount
of $2,615,664.32 ($1,350,000.00 Principal, $995,664.32 Interest and $270,000.00
attorney fees).


_____            _____
      Date                       Bankruptcy Judge

# United States Bankruptcy Court

_____ Southern _____ District Of __ Alabama __

In re _____,  )
                Debtor                 )    Case No. 09-10939
                                   )

Jack Maddox & Lynn H. Andrews, Trustee  )  Chapter __ 13 __
              Plaintiff                )
                                  )
            v.                   )
Michel Benamar AKA Michael Benamar  )  Adv. Proc. No. __ 11-00002 __
              Defendant           )

## JUDGMENT BY DEFAULT

Default was entered against defendant __Michel Benamar AKA Michael Benamar__
                                           (name)
on _____. The plaintiff has requested entry of judgment by default and has filed an
    (date)
affidavit of the amount due and stating that this defendant is not in the military service.

Furthermore, it appears from the record that this defendant is not an infant or incompetent person.

Therefore, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, judgment

is entered against this defendant in favor of the plaintiff as follows:

Judgment is entered against Michel Benamar AKA Michael Benamar in the amount
of $2,615,664.32 ($1,350,000.00 Principal, $995,664.32 Interest and $270,000.00
attorney fees).

_____           _____
    (Date)                         (Clerk of the Bankruptcy Court)